1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14

JAMES SINGLETON,

          Plaintiff,

     v.

AARON LOWELL NIELSEN, *et al.*,

          Defendants.

CASE NO.  C07-0742RSM

ORDER GRANTING MOTION
FOR RELEASE OF PROPERTY

15
16
17
18
19
20
21
22
23
24
25
26

## I.  INTRODUCTION

This matter comes before the Court on adverse claimant Steven Hansen's Motion for Release of Property.  (Dkt. #10).  Mr. Hansen asks the Court to direct plaintiff to return certain personal property and third-party property that was recently seized in satisfaction of a default judgment against Hansen Yacht Sales, Inc.  He argues that none of that property belongs to the now-defunct corporation, and, therefore, it was improperly seized and may not be retained by plaintiff.  Plaintiff responds that Mr. Hansen does not have standing to make this motion, and that, in any event, there is a presumption that the seized property belongs to the corporation.  (Dkt. #11).  For the reasons set forth below, the Court disagrees with plaintiff and GRANTS Mr. Hansen's motion for release of property.

ORDER
PAGE - 1

## II.  DISCUSSION

### A.  Background

This action arises from an injury accident that took place in 2002.  Former defendant Jimmie Melvin Farmer is a retired Boeing Engineer.  In 2002, he decided to purchase a 42-foot yacht for his personal use.  He contacted Steve Hansen at Hansen Yacht Sales about a vessel he had for sale, the M/V BISCUIT.

Mr. Farmer agreed to purchase the vessel, but required the deck to be relaminated as a condition of the sale.  The vessel owner refused to pay for the repairs, so Steve Hansen told Mr. Farmer that he would have his son, co-defendant Eric Hansen, relaminate the deck at Hansen Yacht Sales' expense.

After Eric Hansen finished the initial relamination, Mr. Farmer hired him to complete additional painting of the vessel.  Eric Hansen apparently hired Mr. Nielsen to help him with the job.

The work commenced while the BISCUIT was moored in Port Orchard.  However, due to complaints about noise and dust by neighboring vessel owners, Eric Hansen was required to find a new place to finish the work.  His father Steve Hansen happened to represent the seller of a boathouse in Port Townsend, so Mr. Farmer moved the vessel there.

In June of 2002, workmen began preparing the Port Townsend boathouse for a move to Seattle as part of its sale.  On June 26, 2002, Mr. Nielsen moved the BISCUIT from the boathouse to a slip in the port of Port Townsend.  There was a dispute as to whether Mr. Nielsen had Mr. Farmer's permission to operate and move the boat.  As Mr. Nielsen attempted to bring the vessel into the slip, he asked a man on the dock – plaintiff in this action – to help him.  In the course of rendering that assistance, plaintiff was injured when Mr. Nielsen apparently applied too much pressure to the throttle, ramming the yacht into the dock and pinning plaintiff against another vessel.

A lawsuit followed, wherein plaintiff named Mr. Nielsen, Mr. Farmer, Eric Hansen individually and as agent for Hansen Yacht Sales, and the M/V BISCUIT as defendants.  Steven

ORDER
PAGE - 2

1    Hansen was never named as a defendant.  Mr. Farmer ultimately moved for summary judgment,

2    which this Court granted, dismissing all claims against him.  The Court entered default judgment

3    against all remaining defendants.

4           As a result, plaintiff moved for entry of a break and enter order, which would allow him to

5    seize property purportedly located at the corporate headquarters of Hansen Yacht Sales in

6    satisfaction of the default judgment.  With reservation, this Court granted the motion, and a break

7    and enter order was issued.  Plaintiff, with the assistance of the United States Marshal Service, then

8    seized property from that location.  The instant motion followed.

9    **B. Request for Release of Property**

10          Steven Hansen, as an adverse claimant, asks the Court to direct plaintiff to return three

11   categories of property: (1) adverse claimant's personal papers including, records related to

12   foreclosure of his residence; personal bills; personal correspondence; and records of income and

13   expenses; (2) boat owners' records; and (3) an HP Notebook computer belonging to Steven and

14   Janet Hansen individually.  Mr. Hansen argues that this property does not, and never did, belong to

15   Hansen Yacht Sales, and therefore it was improperly seized.  Plaintiff responds that Mr. Hansen

16   lacks standing to request the return of some of these items, and the remaining items are presumed to

17   be property of the corporation.  The Court is not persuaded.

18          First, plaintiff fails to cite any authority pertaining to Mr. Hansen's standing in this action.

19   Moreover, pursuant to RCW 6.19.030, Washington state[1] explicitly provides standing to adverse

20   claimants challenging a levy:

21          Without giving a bond, an adverse claimant who delivers to the sheriff an affidavit
            as described in subsection (1) of this section may, on motion made within seven
22          days after delivering the affidavit, appear in the court specified in RCW 6.19.050,
            with notice to the sheriff and to the attorney of record for the levying creditor, if
23          any, otherwise to the levying creditor, and set a hearing at which the probable
            validity of the claim stated in the affidavit can be considered.  If the court, after the
24

25          [1] At all times relevant to this action, plaintiff has represented to this Court that he was pursuing a
26   break and enter Order pursuant to Washington state law.

ORDER
PAGE - 3

> hearing, finds that the claim is probably valid, it shall direct the sheriff to release the claimed property to the claimant; otherwise, the court shall direct the sheriff to continue to hold the property unless the claimant gives a bond as provided in subsection (1) of this section.

RCW 6.19.030(2). Mr. Hansen has filed an Affidavit of Adverse Claimant as required, (dkt. #9), and moved for relief within seven days of that motion. Thus, the Court finds that Mr. Hansen has standing.

The Court now turns to the "probable validity" of Mr. Hansen's claim. By way of briefing the instant motion, plaintiff has been provided with an opportunity to respond to Mr. Hansen's allegations, and has had the opportunity to produce any evidence in opposition of his claim. Having reviewed plaintiff's opposition, the Court finds that Mr. Hansen's claim is probably valid.

First, there can be no presumption that the property in dispute belongs to Hansen Yacht Sales. Indeed, the location from which the property was seized was leased in the name of Ronald Seaberg and Steve Hansen d/b/a Executive Yacht Sales, none of whom are, or were, parties to the action. That lease became effective February 1, 2007, nearly two months prior to the property seizure. Likewise, there can be no presumption that boat owners' records located on the premises belonged to Hansen Yachts Sales, and plaintiff provides no other authority persuading the Court that the records belonged to the debtor corporation.[2]

Second, plaintiff's sole argument against return of the computer is that Mr. Hansen failed to provide a receipt for the computer. However, Mr. Hansen has provided a receipt for the laptop computer demonstrating that he paid for the computer by check both to this Court and in previous correspondence to plaintiff's counsel. Accordingly, the Court finds no basis for plaintiff's argument.

Finally, there can be no serious argument that personal bills and other documents solely in the name of Steven Hansen are property of Hansen Yacht Sales or any other defendant. Indeed, plaintiff merely argues that he was unaware such papers had been taken. Thus, the Court agrees that those

---

[2] The Court notes, and Mr. Hansen acknowledges, that other property seized on the premises was owned by Hansen Yacht Sales. That property is not the subject of the instant motion.

ORDER
PAGE - 4

1   documents should be returned.

2        The Court had reservations about issuing a broad break and enter Order from the outset of

3   plaintiff's request for such Order. Those reservations were expressed during a telephone conference

4   with plaintiff and representatives from the U.S. Marshal Service on March 19, 2007. (*See* Dkt. #6).

5   Among the concerns expressed by the Court was the strong likelihood that property not belonging to

6   the debtor corporation would be improperly seized. It appears that concern has become a reality.

7   Accordingly, the Court will remedy the situation, and grant Mr. Hansen's motion for release of

8   property.

9   ### III.  CONCLUSION

10        Having reviewed Mr. Hansen's motion, plaintiff's opposition, Mr. Hansen's reply, and the

11   remainder of the record, the Court hereby ORDERS:

12        (1)  Mr. Hansen's Motion for Release of Property (Dkt. #10) is GRANTED.

13        (2)  The United States Marshal Service is hereby DIRECTED to return: (1) adverse

14   claimant's personal papers including, records related to foreclosure of his residence; personal bills;

15   personal correspondence; and records of income and expenses; (2) boat owners' records; and (3) an

16   HP Notebook computer belonging to Steven and Janet Hansen individually, no later than five

17   business days from the date of this Order.

18        (3)  Plaintiff and Mr. Hansen are DIRECTED to coordinate the return of this property with

19   the United States Marshal Service at a mutually agreeable date and time. Should any dispute arise as

20   to specific documents being returned, the Marshal Service shall continue to hold those documents,

21   and the parties may move for a decision with respect to that specific property. If such a motion

22   should become necessary, the moving party shall provide the Court with a specific description of the

23   property to aid in the Court's review. A copy of any such motion shall be provided as a courtesy to

24   the United States Marshal Service.

25        (4)  The Clerk shall forward a copy of this Order to all counsel of record and to the United

26

ORDER
PAGE - 5

1    States Marshal Service.

2         DATED this 23rd day of May, 2007.

3

4                                         RICARDO S. MARTINEZ
                                          UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE - 6